BERNHARDT J. JOBST, APPELLEE, V. HAYDEN BROTHERS, APPELLANT; JOSEPH R. LEHMER ET AL., APPELLEES.

FILED FEBRUARY 15, 1911. .No. 16,791.

1. **Damages:** BUILDING CONTRACT. Where a builder's contract provides for the payment of a definite sum per day as liquidated dam-

ages for every day's delay in delivering possession of a building to the owner thereof, and that stipulation is upheld, **no other** damages should ordinarily be allowed for delay.

2. **Appeal: Remand.** When a judgment of the district court is reversed and a cause remanded with specific directions, it is the duty of the district court to follow the mandate. *State v. Farrington*, 86 Neb. 653.

3. ——: ——. The judgment of this court upon the former appeal permitted the district court to consider delays caused by the defendant in altering the plans which the plaintiff agreed to follow in constructing the defendant's building.

Appeal from the district court for Douglas county: Abraham L. Sutton, Judge. *Affirmed as modified.*

*Smyth, Smith & Schall,* for appellant.

*Gurley & Woodrough* and *I. E. Congdon,* contra.

Root, J.

Upon a former appeal this case was remanded to the district court with directions to ascertain how much of the plaintiff's delay in completing the building was caused by the owner's failure to have the site in proper condition and how much was owing to other causes for which the owner was not repsonsible, and to allow the defendant the stipulated damage of $25 a day for every day's delay for which the plaintiff and not the defendant was responsible. 84 Neb. 735. The parties were given the right to introduce more testimony upon the issues. Upon the second hearing considerable additional testimony was taken, and upon a consideration of all the evidence the court found that the defendant should be allowed damages for 71 days, and modified the judgment first rendered. The defendant appeals.

The defendant's first contention, that it should have been allowed $11,588.77 damages for six months' delay in delivering possession of the basement and subbasement, must be resolved against it. It is true that although the

plaintiff had until September 1, 1905, to complete the building, he agreed to deliver to the defendant the basement and subbasement on or before June 1 of that year. But it is also a fact that the plaintiff's liability to pay liquidated damages for failing to deliver possession of the building commenced to run from September 1. In the defendant's counterclaim no demand is made for damages other than the $25 a day, and no breach is alleged for the plaintiff's failure to deliver possession of the subbasement or basement independently of the failure to deliver possession of the entire building. Without regard to the considerations arising from the defendant's failure for months subsequent to June 1, 1905, to complete the excavation in the northwest corner of the basement, it is sufficient to say that it has so construed the contract as to confine its demand to the stipulated damages for the entire building, and the district court was right in ignoring this item of damages argued at the bar, but not asserted in any pleading.

The former opinion of this court (84 Neb. 735), written by Mr. Commissioner CALKINS, will not bear the construction contended for by the defendant. Judge CALKINS reasoned that, although the defendant's promise to waive the time clause was made, it was not sustained by a consideration, and should not be enforced as a contract, but that, if the plaintiff relied thereon, the defendant would be estopped from insisting upon the provision in the contract that no allowance shall be made for delays unless within 24 hours after cause therefor arose the contractor shall have delivered to the architect a written claim for an extension of time because of such delay. The defendant now contends that whether or not the plaintiff did rely upon that promise is a question of fact and should have been determined by the court upon the second appeal; that no such finding was made, and that there is no evidence to sustain a finding of that character, and for that reason it should recover damages at $25 a day from September 1, 1905, to July 25, 1906.

The defendant's counsel do not follow Judge CALKINS' argument to its conclusion. The commissioner says: "It would have been an idle act for the plaintiff to ask an extension when the owner had already promised not to insist upon the completion of the building at the time stipulated. Such a promise naturally lulled the contractor into a sense of security, and was well calculated to prevent him from taking steps under the provisions of the contract quoted. We therefore conclude that the plaintiff was entitled to an extension of the time equal to the period of delay caused by the failure of the owner to have his property in condition for the erection of the building." The mandate, among other things, directs the district court to ascertain that time from the evidence. So, therefore, the district court did not misconstrue the opinion or the mandate.

The finding that the defendant should recover for but 71 days' delay is vigorously criticised by the defendant and as earnestly commended by the plaintiff. The evidence upon this issue is in hopeless conflict. Some of the witnesses by their testimony evince considerable feeling, and while all of them are apparently intelligent men, the weight to be given their testimony depends to a considerable extent upon their credibility, a factor the trial court could determine much better than we can.

The building as originally designed was to cost but $52,963, but alterations and extras increased its cost to $66,124. Many of these departures from the original plan compelled the plaintiff to order new and different structural steel, and these altered beams could only be procured in Pennsylvania upon special orders which were not always promptly filled. In but one particular are we inclined to disturb the findings of the district court. The court found that possession of the building was delivered to the defendant July 1, 1906. Mr. Joseph Hayden, president of the defendant, testified that they were not given that possession until July 25 or July 27. Counsel for

plaintiff, while combatting this statement, do not direct
our attention to any particular part of a somewhat volu-
minous bill of exceptions containing evidence to support
their contention.    We, however, have read the testimony
given by Mr. William Hayden on the former trial, and he
testifies that they took possession immediately after July
10, 1906, the day plaintiff wrote the defendant that it
might commence installing shelving in the different parts
of the building.    We find nothing in the record to justify
us in saying possession of the building was delivered
earlier than July 11, 1906.    The defendant therefore
should have been allowed for 81 days' delay, or $2,025
instead of $1,775.

The defendant complains because the court permitted
the plaintiff to file an amendment to his petition wherein
the delay occasioned by the alterations is specifically
pleaded.    Our former opinion and mandate justifies this
ruling.    It is not just that the plaintiff should pay $25 a
day to the defendant for delays caused by acceding to its
demands.    *Carter v. Root*, 84 Neb. 723.

The judgment of the district court, therefore, is modi-
fied by increasing the allowance of damages in favor of the
defendant to $2,025, and, as modified, the judgment is af-
firmed; the defendant to recover the costs of this appeal.

                                    AFFIRMED AS MODIFIED.

FAWCETT, J., not sitting.