JOHN HALL ELLIOTT, APPELLEE, V. GOOCH FEED MILL COMPANY, APPELLANT.

24 N. W. 2d 561

FILED OCTOBER 11, 1946. No. 32169.

*Baylor, Bloss & Evnen* and *Davis, Stubbs & Healey,* for appellant.

*Davis & Vogeltanz* and *O. B. Clark,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This appeal involves the judgment of the district court entered on a mandate issued from this court in the compensation case of Elliott v. Gooch Feed Mill Co., *ante* p. 309, 23 N. W. 2d 262.

This court tried the case on appeal de novo, and on May 31, 1946, filed an opinion reversing the judgment of the district court which denied John Hall Elliott, plaintiff, an award of compensation and dismissed his action, and remanded the case with instructions to enter judgment in accordance with the opinion.

For convenience, John Hall Elliott, the appellee, will hereinafter be referred to as the plaintiff, and the Gooch Feed Mill Co., the appellant, as the defendant.

Motion for rehearing was filed by the defendant, and after hearing thereon, was denied. On July 12, 1946, the mandate of this court was issued, reversing the judgment of the district court and ordering said court to enter judgment for the plaintiff in accordance with the opinion.

The portion of the opinion with reference to the amount of the judgment, is as follows: "This court finds that the trial court was in error in denying plaintiff any compensation, and we find that the plaintiff is entitled to an award for total disability, as provided in paragraph (1) of section 48-121, R. S. 1943, proper credit to be given for compensation payments heretofore voluntarily made."

On July 16, 1946, the district court entered judgment on the mandate in favor of plaintiff and against defendant, stating that plaintiff have and recover from the defendant the sum of $15 per week for 300 weeks from the 12th day of November 1943, and $10 per week thereafter during the remainder of the life of the plaintiff, less a credit of $244.30 heretofore voluntarily paid by the defendant to plaintiff for disability suffered by the plaintiff. After the entry of the judgment, defendant filed a motion for a new trial and to set aside the judgment on the mandate, which was overruled.

From the overruling of the motion for new trial, the defendant appeals, contending the district court erred in entering judgment for total disability from the date of the accident, and further erred in entering judgment without giving credit for the periods during which the plaintiff

worked for the same employer at the same employment and at the same rate of pay; that the district court also erred in giving judgment for total disability during that period after the accident when the plaintiff was gainfully employed, and that therefore the judgment is contrary to the law and evidence.

Under the assignment of errors, two questions arise which are as follows:

(1) Did the district court err in failing to allow credits in the entry of its judgment for certain periods of time when the plaintiff was gainfully employed at the same job and at the same wage, and other jobs after the date of the accident and before the date of the judgment?

(2) Is the plaintiff entitled to compensation for a period longer than he has claimed in his original action?

In considering the questions raised, it is first necessary to determine, as a matter of law, the rights of the defendant to appeal to this court from a judgment entered on the mandate in the district court.

The opinion in the case of Elliott v. Gooch Feed Mill Co., *supra*, was made a part of the mandate issued in such case, by reference. In this connection, where a mandate of the Supreme Court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon. State ex rel. Johnson v. Hash, 145 Neb. 405, 16 N. W. 2d 734. See, also, Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43. The general rule is as follows: "When a judgment of the district court is reversed and a cause remanded with specific directions, it is the duty of the district court to follow the mandate." Jobst v. Hayden Bros., 88 Neb. 469, 129 N. W. 992. See, also, State v. Farrington, 86 Neb. 653, 126 N. W. 91.

The defendant is not contending in this appeal that the original mandate was in error, but is contending that the district court, in entering the judgment upon that mandate,

did not either follow the law or the evidence in the record in the attempt which it made to follow out this court's mandate. That is, that the district court did not enter judgment on the mandate in strict conformity with the opinion, and, under the circumstances, the appellate court has a right on appeal, to enforce explicitly its original mandate on appeal from a judgment on the mandate.

In Regouby v. Dawson County Irrigation Co., 128 Neb. 531, 259 N. W. 365, this court followed the general rule as hereinbefore set forth and also, in considering the judgment entered on the mandate in said case, said: "There had been no change in the circumstances. No new question presented itself. No new reason appeared which would require a further hearing to do justice and equity between the parties. The record was complete." Therefore, the cited case holds that if there was a change in the circumstances, or if a new question presented itself, or a new reason appeared which would require a further hearing to do justice and equity between the parties, then this court, on appeal from a judgment on a mandate, will determine such matter and enter an order accordingly.

It appears affirmatively from the record in this appeal that the defendant is entitled to certain credits which the trial court omitted in rendering judgment on the mandate and which should be included in the judgment to do justice and equity between the parties.

In considering the opinion in the former case, it sets out the material and relevant facts comprehensively as reflected by the record. We here set forth some of the facts as shown by our former opinion and the record, and our deductions and conclusions therefrom, which are pertinent to a decision in this appeal:

The plaintiff was paid compensation for total disability from and after November 12, 1943, voluntarily, for 16 weeks and two days. Thereafter, on March 6, 1944, the plaintiff was told by his attending doctor that he could return to his usual employment with the defendant, which he

did. However, it is clear that due to the pain and weakness in his legs, shoulders, and back, as a result of his injuries, he was not able to perform his usual and customary duties in this employment as he did previous to the injuries received and, as a consequence, was forced to quit his employment with the defendant on May 1, 1944. From and after May 1, 1944, due to his injuries, he was unable to perform any kind of common labor. From October 9, 1944, to March 27, 1945, he was employed by Gold and Company in cutting and trimming meat for hamburger and sausage, and when not so engaged, in sorting eggs. On this job he was permitted to rest. He worked four or five hours a day, and his wages did approximate about half of that which he formerly received in his usual employment with the defendant. This work required no strength, lifting, or agility. The job was the result of the war emergency and faded out with the passing of the emergency. Subsequently, he was employed with the Patriot Body Company, at 70 cents per hour, for a period of not to exceed 13 days, and earned approximately $65. He was forced to quit this employment due to his injuries.

It is true that when he returned to the employment of the defendant, from March 6, 1944, to May 1, 1944, he was paid the usual wage that he previously received for the same number of hours. This presented a new question and a new reason as to why this court should take cognizance of this appeal to do justice and equity between the parties. See Regouby v. Dawson County Irrigation Co., *supra*.

In this connection it might be stated, "For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or a work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do." Elliott v. Gooch Feed Mill Co., *supra*.

We conclude, where the record discloses that the plaintiff returned to his employment and received the same rate of pay for the same number of hours worked as he received prior to the time of the accident, that, under the circumstances, the defendant is entitled to receive credit in the amount of $15 per week during such period of time which it would have been obligated to pay had the plaintiff not returned to his employment. These dates specifically are from March 6, 1944, to May 1, 1944.

With reference to the employment with Gold and Company, the work performed by the plaintiff was of a trivial nature and might be termed "nondescript" or "odd-job" labor. The opinion in the former case fully explains this employment of the plaintiff.

The employment with the Patriot Body Company for a very short period of time and as explained in the opinion in the former case, was of such nature that the total permanent disability of the plaintiff required him to sever his connection with such company.

It is not the purpose of the Workmen's Compensation Act to penalize a workman who endeavors to rehabilitate himself and do some light kind of work to aid in his support and maintenance, especially where it appears that the light and trivial work performed by the workman is negligible compared to the hours and wages he received prior to the time of the accident and injuries received therefrom. At the time the plaintiff was employed by both Gold and Company and the Patriot Body Company, industry was in dire need of labor due to the war emergency, and labor, at that time, was exceedingly difficult to obtain. This plaintiff made an honest endeavor to work, both for the benefit of industry, if possible, and for himself.

Under the circumstances, and under the facts as disclosed by the record and related in the opinion in the former case, we can see no reason to penalize this workman. In this connection, the following authorities are appropriate:

Big Horn County v. Iles, 56 Wyo. 443, 110 P. 2d 826. " 'If one be totally and permanently disabled, he ought not to be penalized for obtaining some trivial and unusual employment, or have the door of hope and ambition slammed in his face by being forbidden, on pain of having a portion of his meager sustenance withheld, to make an effort to add thereto. One may be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor and yet be able to obtain occasional employment under rare conditions, and at small remuneration.' " See New York Indemnity Co. v. Industrial Commission, 86 Colo. 364, 281 P. 740.

And, as stated in Kuhnle v. Dept. of Labor & Industries, 12 Wash. 2d 191, 120 P. 2d 1003, quoting from Cardiff Corp. v. Hall (1911), 1 K. B. 1009: "If the accident has left the workman so injured that he is incapable of becoming an ordinary workman of average capacity in any well-known branch of the labor market,—if, in other words, the capacities for work left to him fit him only for special uses, and do not, so to speak, make his powers of labor a merchantable article in some of the well-known lines of the labor market,— * * * I should say that if the accident leaves the workman's labor in the position of an 'odd lot' in the labor market," then he should not be penalized for obtaining work of a character which is intermittent and which he might be able to perform in some degree.

An employee may be totally disabled for all practical purposes and yet be able to obtain trivial occasional employment under rare conditions at small remuneration. The claimant's status in such respect remains unaffected thereby, unless the claimant is able to get, hold, or do any substantial amount of remunerative work either in his previous occupation or in any other established field of employment for which he is fitted. See section 48-121, R. S. 1943.

Total disability, under subdivision 1 of section 48-121, R. S. 1943, of the Workmen's Compensation Act, can only

be held to exist where a workman is unable to get, hold, or do any substantial amount of remunerative work, either in his previous occupation or in any other established field of employment for which he is fitted. Micek v. Omaha Steel Works, 136 Neb. 843, 287 N. W. 645. See, also, Wingate v. Evans Model Laundry, 123 Neb. 844, 244 N. W. 635.

In considering the defendant's contention that the plaintiff's pleadings in the former case requested compensation only from and after April 11, 1945, and that the facts clearly so indicate, without detailing the plaintiff's pleadings, we have made a thorough examination thereof and the relief prayed for therein in the compensation court and in the district court, and find them to be sufficient to warrant this court, on a trial de novo, if the facts so show, to determine that the plaintiff suffered total and permanent disability from and after the date of the accident received in the course of his employment. The pleadings are more specifically considered in our former opinion.

For the reasons given in this opinion, the district court is directed to credit the defendant the amount of $15 per week from March 6, 1944, to May 1, 1944, and in all other respects the judgment entered on the mandate in the former case, by the district court, is affirmed.

AFFIRMED AS MODIFIED.