MAURICE HYATT, APPELLANT, V. KAY WINDSOR, INC., APPELLEE.

254 N. W. 2d 92

Filed June 1, 1977. No. 41130.

Jerome P. Grossman and Howard Kaiman, for appellant.

John R. Timmermier of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a workmen's compensation case in which plaintiff seeks to recover benefits for a heart attack. The single-judge Workmen's Compensation Court at the initial hearing, and the three-judge Workmen's Compensation Court on rehearing, held that plaintiff had failed to prove that the heart attack and its resulting disabilities arose out of and in the course of his employment by the defendant, and dismissed the petition. Plaintiff has appealed.

The plaintiff, Maurice Hyatt, was 65 years of age and had been employed by various clothing firms as a traveling salesman of women's wear for approximately 30 years. He had worked for the defendant, Kay Windsor, Inc., since June 1, 1975. Plaintiff usually carried approximately 8 sample bags which weighed 40 to 45 pounds each. Plaintiff serviced four or five accounts daily and carried his sample bags between his car and the stores or showrooms.

On December 11, 1975, plaintiff decided to carry 4 sample bags rather than 8 and doubled the samples in the bags so that each bag weighed approximately 80 pounds. Plaintiff commenced loading the bags into his automobile. While loading the second one, he felt a pain in his left arm and became ill. His wife took him to his doctor's office and, after examination, he was sent by rescue unit to the hospital

with a severe heart attack. While he was in the hospital he suffered another heart attack on December 15 or 16, 1975. He remained in this hospital until January 4, 1976, but was unable to return to his regular work.

Plaintiff's medical history included a previous heart attack in July 1974. He had suffered from hypertension since 1945, and had taken medication for hypertension since 1954. He was also a diabetic. Plaintiff's father died as the result of a heart attack. Plaintiff's mother died from a diabetic condition, and plaintiff's brother also has hypertension.

Plaintiff's doctor, a cardiologist, testified that if a person who is normally accustomed to, and capable of, handling 40 to 50 pounds lifted double that weight, the additional weight could be responsible for precipitating a heart attack. A cardiologist for the defendant testified that if the carrying of the additional weight was an unusual exertion for the plaintiff it might be a contributing factor, but that if the exertion was what he normally performed it would not be. He thought that there was probably more than a single factor involved, and that plaintiff's preexisting physical and heart condition was most important. The cold and windy weather may also have been a precipitating factor as well. Plaintiff's doctor could recall no specific mention of the lifting incident until sometime in March 1976, nor do the medical records of the hospital reflect any mention of a lifting incident or excessive strain. Neither doctor had any personal knowledge of the weight of the sample bags.

The Workmen's Compensation Court, at the initial hearing and on rehearing, found that plaintiff had failed to maintain the burden of proving that the heart attack and resulting disabilities were the result of an accident and injury arising out of and in the course of his employment by the defendant, and dismissed plaintiff's petition.

Plaintiff contends that the Workmen's Compensation Court erred in failing to find that his heart attack was a direct result of carrying the sample bags on December 11, 1975, and in failing to find that the injury arose out of and in the course of his employment by the defendant.

Under the Nebraska Workmen's Compensation Act, the claimant has the burden of proof to establish by a preponderance of the evidence that an unexpected or unforeseen injury was in fact caused by the employment. There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment. The terms "injury" and "personal injuries" do not include disability or death due to natural causes but occurring while the employee is at work, nor an injury, disability, or death that is the result of a natural progression of any preexisting condition. § 48-151(2) and (4), R. R. S. 1943.

In myocardial infarction cases the issue is whether the injury arises out of and in the course of employment and that issue must be determined by the facts of each case. There is no fixed formula by which the question may be resolved. Reis v. Douglas County Hospital, 193 Neb. 542, 227 N. W. 2d 879. In the "heart cases" the problem is causation, and whether the injury is the result of personal rather than employment risk. The presence of a preexisting disease or condition enhances the degree of proof required to establish that the injury arose out of and in the course of employment. Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461.

Obviously issues of causation are for determination by the fact finder. Under section 48-185, R. S. Supp., 1976, the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. We have consistently held that the verdict of a jury, even when the evidence is contradic-

tory, will not be set aside on appeal unless clearly wrong. Moser v. Jeffrey, 194 Neb. 132, 231 N. W. 2d 106. We now hold that the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong.

In testing the sufficiency of evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can reasonably be drawn therefrom. Salinas v. Cyprus Industrial Minerals Co., 197 Neb. 198, 247 N. W. 2d 451.

The findings of fact of the Workmen's Compensation Court are not clearly wrong. Instead the evidence is clearly sufficient to support the findings and action of the Workmen's Compensation Court.

AFFIRMED.

SPENCER, J., concurs in the result.