ARTHUR L. BOULTS, APPELLANT, V. KENNETH W. CHURCH ET AL, APPELLEES.

263 N. W. 2d 478

Filed March 15, 1978. No. 41453.

Robert G. Decker and Mino St. Lucas, for appellant.

Joe P. Cashen and John K. Green of Kennedy, Holland, DeLacy & Svoboda, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is a workmen's compensation case. The plaintiff sought a determination that he was entitled to continued disability benefits claimed due by reason of his alleged total disability as the result of an accident arising out of and in the scope of his employment. On December 8, 1976, the single judge Workmen's Compensation Court entered an order granting the plaintiff continued disability benefits. On April 14, 1977, the three-judge Workmen's Compensation Court on rehearing found that the plaintiff failed to prove he was totally and permanently disabled. The plaintiff has appealed. We affirm the judgment of the Workmen's Compensation Court.

That the plaintiff's injury arose out of and in the scope of his employment is undisputed; nor does the record disclose any unpaid medical or hospital expenses. The sole issue on appeal is the correctness of the Workmen's Compensation Court's finding that the plaintiff failed to prove he was totally and permanently disabled. The plaintiff has received a total of 300 weeks temporary total disability benefits. If the plaintiff is not totally and permanently disabled, then he has received the maximum compensation benefits allowable for less than permanent total disability. § 48-121, R. R. S. 1943.

Where an employee is totally unable to perform the duties of former employment or work of like nature, he is entitled to recover for permanent total disability. Tilghman v. Mills, 169 Neb. 665, 100 N. W. 2d 739 (1960). Permanent total disability can only be held to exist where the workman is unable to get, hold, or do any substantial amount of remunerative work, either in his previous occupation or in any other established field of employment for which he

is fitted. Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561 (1946).

Whether or not the plaintiff is totally and permanently disabled, and is entitled to receive the maximum allowable benefits, is a question of fact. Section 48-185, R. S. Supp., 1976, provides that, "The findings of fact made by the Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case."

At the time of the hearings, the plaintiff was 33 years old. The plaintiff started construction work when he was 18 years old. The plaintiff testified that in his occupation as a construction worker, he had mixed mortar, carried bricks and blocks, handled 16- to 20-foot planks to build scaffolds, and dug footings. He had climbed scaffolds and used a wheelbarrow. In brick laying he would handle concrete blocks weighing 40 to 60 pounds each and he stated it was not uncommon to lay 200 to 300 of these blocks per day. Occasionally larger blocks weighing 500 pounds had to be moved and placed by hand. The plaintiff further testified that his work involved reaching, climbing stairs, and working on uneven ground or surfaces.

The plaintiff testified he had worked off and on for the defendant for a period of 9 to 10 years before the accident. While employed by the defendant, he became interested in becoming a bricklayer and started in an apprenticeship program and went to school. On the date of the accident, September 19, 1970, he was employed by the defendant as an apprentice bricklayer earning $4.825 per hour.

Following the accident, the plaintiff felt pain in his lower back. He was hospitalized and underwent surgery. He did not improve. Another operation was recommended but the plaintiff chose not to have it. This decision was considered a reasonable one.

The plaintiff described himself as a rather strong individual before the accident. He stated that prior

to September 19, 1970, he had not been injured. The plaintiff testified that since his injury he lifted very little, sometimes had difficulty driving a car, and used to swim but had not been swimming since his accident. The plaintiff testified that on some days he has to soak in water and cannot get out of bed without help. He stated that his wife would sometimes have to help him get out of bed and dress. He testified he sometimes has leg cramps and trouble walking. The plaintiff testified that he attempted to return to do the same work but could not do the work. He testified he had attempted rehabilitation, but that nothing had happened. Ted Kisicki, business agent for the bricklayers' union, testified jobs are difficult to get for members with physical impairments.

Reports from two physicians were introduced into evidence. Dr. Louis F. Tribulato, in reports dated February 28, 1972, and January 22, 1975, concluded that the plaintiff is totally disabled. Dr. Bernard L. Kratochvil, in reports dated November 21, 1974, and February 12, 1976, gave the plaintiff a 15 percent permanent partial disability rating. In a report dated January 3, 1975, Dr. Kratochvil stated, in his opinion, the plaintiff "could do work that does not require excessive bending, weight bearing, or lifting."

Roger Helle, a Pinkerton detective hired by the defendant, testified he had observed the plaintiff swimming, racing short distances, diving or jumping from a diving board, engaging in water horseplay, and shopping for and climbing in and out of used cars. He testified he observed the plaintiff lifting, placing, and removing bicycles from the trunk of a car, removing a spare tire, placing it in the back seat of a car, and subsequently tossing the spare into the trunk of a vehicle he was operating. Mr. Helle stated that he observed nothing which appeared to cause the plaintiff's actions to be restrictive in any manner.

In Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92 (1977), we held that " * * * the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong."

In testing the sufficiency of evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can reasonably be drawn therefrom. Salinas v. Cyprus Industrial Minerals Co., 197 Neb. 198, 247 N. W. 2d 451 (1976).

We cannot say that the finding of the Workmen's Compensation Court is clearly wrong. There is sufficient evidence to support its conclusion.

The judgment of the Workmen's Compensation Court is correct and is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., dissenting.

Even under the more limited standard with which we now review the decisions of the Workmen's Compensation Court, I cannot agree with the majority that the finding of that court is not clearly wrong.

An analysis of the evidence when measured by the applicable standard of what constitutes permanent total disability reveals there is no material evidence to support the defendants' position that the plaintiff is not entitled to recovery. As the majority states, where an employee is totally unable to perform the duties of former employment or work of like nature, he is entitled to recover for permanent total disability. See Tilghman v. Mills, 169 Neb. 665, 100 N. W. 2d 739. Plaintiff was employed as an apprentice bricklayer at the time of injury. An official of the bricklayers' union, who had been a bricklayer almost 20 years prior to becoming a union official, testified that bricklaying is "heavy type work" and

a "job where you must be able to bend over constantly and lift constantly." The official also testified that the lifting involves concrete blocks and tile units of various weights, some over 40 pounds. The plaintiff testified that he lifted blocks of 60 pounds or more in the course of his employment and, on occasion, handled 200 to 300 blocks a day. Plaintiff was 27 years old at the time of the accident; he began working at 18 and the only work he has done is construction work and hooking logs in a paper mill.

The reports of two physicians were in evidence. Dr. Louis F. Tribulato determined the plaintiff is totally disabled. Dr. Bernard L. Kratochvil gave the plaintiff a 15 percent permanent partial disability rating and said plaintiff "could do work that does not require excessive bending, weight bearing, or lifting." Admittedly Dr. Kratochvil's testimony is not as conclusive in nature as is Dr. Tribulato's, in relation to plaintiff's claim. Dr. Kratochvil's report does not relate his opinion to plaintiff's former occupation. He did not testify that plaintiff could perform the usual and normal tasks required of a bricklayer.

Dr. Kratochvil's testimony does not refute Dr. Tribulato's opinion. It simply avoids the issue. The evidence does not damage plaintiff's claim or support defendants' contention.

In a letter to the plaintiff of June 11, 1976, Otto K. Link, a rehabilitation counselor, stated that: "In view of the nature and severity of your disability at this time, it does not appear that there is a likelihood or reasonable expectation that through vocational rehabilitation services you will be able to engage in a gainful occupation." Plaintiff had been unsuccessful in finding employment through vocational rehabilitation, but testified he was receptive to the idea that he try to utilize this program in the future.

Defendants called a Pinkerton detective who conducted a 1-day surveillance of the plaintiff on July

29, 1975.  The detective made another surveillance, but no report of this was in evidence.  The detective testified he observed plaintiff swimming and lifting a spare tire and bicycle from the trunk of a car.  The bicycle was estimated to weigh between 15 and 20 pounds.

Even if we resolve the truth of this evidence in favor of the defendants, and afford them every reasonable inference, this evidence fails any test of sufficiency because it is immaterial to the issue to be resolved.  The issue is whether the plaintiff has suffered a permanent total disability.  We have stated such a condition exists when an employee can no longer perform the duties of former employment or work of like nature.  The fact that an individual swims is not synonymous with the capability to perform sustained lifting, bending, and climbing.  Plaintiff here had suffered a back injury.  Swimming can be therapeutic to such ailments.  The random incidents of lifting a bicycle weighing 15 to 20 pounds and a spare tire cannot be compared to continuous lifting of heavy objects such as concrete blocks.  Plaintiff had testified the intensity of the pain varies and is more severe on some days than others.  Correspondingly, his activity reflects his state of discomfort.  On some days he is unable to get out of bed and cannot attend to even routine activities without assistance.  On other days, it may be assumed he engages in moderate activity, including some lifting.  It is interesting to note that the compensation court's order recited:  " * * * the Court feels that defendants' evidence showing the plaintiff was able to swim, jump or dive from a diving board and remove a spare tire from the trunk of a Cadillac is sufficiently persuasive to show that the plaintiff's disability is not total and permanent."  However, permanent total disability does not mean a state of absolute helplessness.  See Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561.  No evidence,

expert or otherwise, supports the compensation court's view that these activities indicate plaintiff can perform his duties as a bricklayer.

Here, the plaintiff has supported his claim of permanent total disability with an orthopedic specialist's conclusion that he is totally disabled. Defendants have failed to produce any material evidence to refute this. Therefore, I would reverse the judgment of the compensation court on rehearing and reinstate the judgment on hearing, allowing plaintiff to recover for permanent total disability.

CLINTON, J., joins in this dissent.