BAKER'S SUPERMARKETS, A CORPORATION, ET AL.,
APPELLEES, V. LEONARD JOHN, APPELLANT.

267 N. W. 2d 546

Filed July 12, 1978. No. 41645.

McCormack, Cooney & Mooney, for appellant.

Joe P. Cashen and John K. Green of Kennedy, Holland, DeLacy & Svoboda, for appellees.

Heard before SPENCER, BOSLAUGH, and WHITE, JJ., and RIST and KELLY, LLOYD W., District Judges.

KELLY, LLOYD W., District Judge.

This action was commenced in the Nebraska Workmen's Compensation Court and originally tried before a single member of that court. The evidence showed that the employee was 53 years old at the time of trial. He had an 8th grade education and had farmed for several years. After leaving the farm, the employee went through training as a meat cutter, having gone to a specialized school in Ohio. After completing training, the employee was steadily employed in his trade and at the time he was injured had worked a total of 8 years for his present employer. On January 4, 1973, the employee was earning $5.475 an hour and with overtime was earning approximately $1,000 per month in his employment.

On January 4, 1973, the employee while carrying a hind quarter of beef, slipped on a piece of animal fat, fell backwards, striking his head on a meat cutting block. After the accident happened, the em-

ployee left work, went home and eventually the same day went to Clarkson Hospital where he was X-rayed and then sent home. The following day the employee saw a doctor described as his family doctor. As a result of the injury, the employee complained of blurred vision and pain in his back. He was then off work for a period of 2 weeks, after which time he went back to work but could only remain there a short period of time. The employee then saw a Dr. Gross, an orthopedic surgeon, on January 17, 1973. He complained to the doctor of having severe pain in his back and of dizziness. He tried to resume his employment, but could only remain on the job approximately 2½ hours. He was first given out-patient physical therapy and later hospitalized by Dr. Gross until February 23, 1973. After his release from the hospital, the employee continued to complain of pain in his back and of being dizzy and disoriented, and as a result thereof was again hospitalized in April of 1973. Dr. Gross then referred the employee to a Dr. Herbert R. Crowley, who was a specialist in ear, nose, and throat treatment. Dr. Crowley first saw the employee on April 11, 1973, at which time the employee described the accident occurring on January 4, 1973, and described to the doctor various episodes of dizziness and ataxia. The doctor described ataxia as an "alteration in gait, staggering while walking, and ambulating." On May 7, 1973, the doctor performed an examination known as electronystagmography, hereinafter referred to as ENG test. As a result of the ENG test, the physician concluded the employee had suffered an injury to the labyrinth of the inner ear which affected his balance and caused him to suffer vertigo or dizziness. The physician treated the employee on medication and saw him periodically from June of 1973 up to the time of trial. The condition of vertigo did not improve and the employee continued to fall several times a day. Dr.

Gross, an orthopedic surgeon, rated the employee as suffering 15 percent disability to the body as a whole as a result of the injury to his back. Dr. Crowley rated the employee as suffering 100 percent disability insofar as his ability to perform the job for which he was trained and hired, said disability relating to his condition of vertigo. The only witness appearing for the employer was a Dr. John Goldner. Dr. Goldner is a neurologist. Dr. Goldner did not rate the employee as being disabled because of the injury to his inner ear. A single judge of the Workmen's Compensation Court found the employee to be 100 percent disabled. This award was appealed to the Workmen's Compensation Court en banc. Three members of the court found the employee to be 15 percent disabled to the body as a whole and the employee has appealed to this court. Upon consideration of the facts in this case, we conclude that the judgment of the three judge Workmen's Compensation Court should be reversed and an award entered for the employee finding him to be 100 percent disabled.

Dr. Crowley, professionally board certified as an otolaryngologist, examined and treated the employee in the field of his expertise. Dr. Goldner, the only witness for the employer, admittedly was not testifying in his field of expertise when he stated that he could find nothing abnormal in the ENG test that he examined. Dr. Goldner noted a chronic lumbar strain snydrome, which disability had also been detected by the treating orthopedic surgeon, Dr. Gross, who rated the disability to the back as being 15 percent to the body as a whole. Dr. Goldner could find no disability as a result of the injury to the inner ear. His findings so far as the condition of the inner ear can best be summarized by his own response to a question wherein he stated "I'm not an ENG professionalist either, I'm just a country neurologist * * *." Dr. Goldner stated that

he could not recognize any disability because of the inner ear injury to the labyrinth, and he concluded that the employee was suffering no disability because of this injury.

This court recently held in the case of Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92 (1977): "Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong." We believe the judgment entered on rehearing is clearly wrong. It is obvious the single judge of the Workmen's Compensation Court correctly found the employee to be 100 percent disabled based upon the testimony of Dr. Crowley testifying in his field of expertise, and that the three judge Workmen's Compensation Court was incorrect in finding the employee to be only 15 percent disabled to the body as a whole.

The evidence in this case compels a finding for the employee.

We, therefore, find that the employee suffered an injury arising out of, and in the course of his employment, on January 4, 1973; and that the employee has been and still is totally disabled as a result of this injury and is entitled to benefits under the Nebraska Workmen's Compensation Act. The judgment is, therefore, reversed and the cause remanded to the Nebraska Workmen's Compensation Court with directions to enter a judgment in accordance herewith.

REVERSED AND REMANDED.

WHITE, C. THOMAS, J., concurs in the result.