LLOYD A. HENRY, APPELLANT, v. VILLAGE OF COLERIDGE, APPELLEE.

24 N. W. 2d 922

FILED NOVEMBER 12, 1946. No. 32130.

 

*Philip H. Robinson,* for appellant.

*Joseph H. McGroarty,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The plaintiff commenced this action against the Village of Coleridge to recover benefits claimed to be due under the Workmen's Compensation Act. From an adverse decree plaintiff appeals.

The plaintiff was a rural mail carrier and farmer. He also belonged to the volunteer fire department of the Village of Coleridge. As such volunteer fireman, plaintiff was instructed to attend any fire as quickly as possible, either by reporting at the fire house or going directly to the fire. On the evening of February 2, 1944, at approximately eight p. m., while engaged in his usual personal pursuits, the fire alarm was sounded, requiring him to attend a fire. In hurrying through the kitchen to his automobile and in making a sharp turn required in so doing, plaintiff slipped and fell on a slippery floor. The fall resulted in the severing of the supraspinatus tendon of the right shoulder. The partial total disability of the right arm is estimated at 25 percent. The facts are not in dispute. The only question raised is whether the accident arose out of and in the course of the employment.

We are of the opinion that the injury did not arise out of and in the course of the employment, as those expressions are used in the Workmen's Compensation Act. For an injury to be compensable there must be a causal connection between the employment and the injury. It is not enough that because of the employment the employee was at a place other than one required by the employment when the injury occurred, where there is no causal connection between the injury and the employment.

It is on the foregoing principles that a general rule has been formulated to the effect that injuries sustained while

going to or returning from work are not compensable. Siedlik v. Swift & Co., 122 Neb. 99, 239 N. W. 466; Richtarik v. Bors, 142 Neb. 226, 5 N. W. 2d 199. This general rule, there being some exceptions thereto that are not pertinent here, is supported by specific provisions of the compensation act, wherein it is stated: "Without otherwise affecting either the meaning or the interpretation of the abridged clause, 'Personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, and not to cover workmen who, on their own initiative, leave their line of duty or hours of employment for purposes of their own." § 48-151, R. S. 1943.

We do not think it can be logically said when appellant slipped in the kitchen of his own home, even though he was on his way to his automobile for the purpose of attending the fire, that the accident resulted from the nature and circumstances of the employment. The mishap was one that might have occurred at any time, irrespective of appellant's status as a volunteer fireman.

It is the theory of appellant that had he not been a volunteer fireman, and had there not been a fire alarm, he would not have been hurrying through his kitchen and exposed to the danger of slipping. From this premise it is argued that the accident arose out of the employment. The argument is not tenable. An employee's course of travel is ofttimes incidentally affected by his employment; yet, if an accident occurs, it cannot be said to have a causal connection with his employment from that fact alone. Cases involving accidents while going to or returning from work fall in that category. Neither can it be successfully argued that appellant's fall in the kitchen of his own home was incidental to the employment, as it could well have been if the fall had occurred on the premises of the employer. Nor did the injury result from a risk connected with the em-

ployment. For an injury to be compensable the accident must have had its origin in or have been incidental to the employment, or it must have resulted from a risk which by reason of the employment exposed the employee to a greater hazard than if he had not been so employed. Socha v. Cudahy Packing Co., 105 Neb. 691, 181 N. W. 706; Gale v. Krug Park Amusement Co., 114 Neb. 432, 208 N. W. 739; Lumbermen's Mutual Casualty Co. v. Industrial Accident Commission, 134 Cal. App. 131, 25 P. 2d 22; Olson Drilling Co. v. Industrial Commission, 386 Ill. 402, 54 N. E. 2d 452.

We think the trial court correctly found that the injury here involved did not result from an accident arising out of and in the course of the employment within the meaning of the Workmen's Compensation Act.

AFFIRMED.