ORVILLE H. MONROE, APPELLANT, V. ST. MARKS LUTHERAN
CHURCH OF LINCOLN, NEBRASKA, ET AL., APPELLEES.
171 N. W. 2d 644

Filed November 7, 1969. No. 37243.

Alfred A. Feidler and Kripke, Hoffman, Carrigan &
Dufty, for appellant.

Cobb, Swartz & Wieland, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action under the Workmen's Compensation
Act. Plaintiff served as organist in each of the two de-
fendant churches and was severely injured in an auto-
mobile accident while enroute to Milford, Nebraska, to
perform his duties as organist in Grace Lutheran Church
of Milford. He was denied recovery in both the compen-
sation court and the district court. We affirm the judg-
ment of the lower courts.

The defendant churches are separate entities. St.
Marks Lutheran Church is located in Lincoln, Nebraska,
and Grace Lutheran Church in Milford. Both are mem-
bers of the same synod. Each is separately governed by
a local board of trustees. Each employs its own pastor,
organist, janitor, etc., and fixes terms of employment
completely independent of the other. Each, acting sepa-
rately, had employed the same pastor and the same
organist. The pastor and the plaintiff organist resided
in Lincoln. On Sunday mornings the pastor drove in
his automobile to Milford, taking the plaintiff with him,
although there were times when plaintiff drove to Mil-

ford in his own automobile. They would return after services at Milford to hold services at Lincoln. Neither church controlled the method of transportation between churches nor in any manner provided for such transportation. No one was reimbursed for mileage or automobile expenses incurred. Plaintiff received $2 each Sunday for his services at St. Marks Lutheran Church and $1 each Sunday for his services at Grace Lutheran Church. Compensation was made by each church independently of the other.

It is apparent that the two churches were not engaged in a joint venture and that at the time of his accident, plaintiff could not conceivably have been acting within the scope of his employment by St. Marks Lutheran Church. As to this defendant, the action must fail on that ground.

In regard to the remaining defendant, Grace Lutheran Church, it conclusively appears that the church did not, as part of plaintiff's employment, supply him with transportation to and from Milford. Was he then acting within the scope of his employment at the time he was injured while enroute to Milford? Ordinarily an injury sustained by an employee while going to and from his work does not arise out of and in the course of his employment. See, Acton v. Wymore School Dist. No. 114, 172 Neb. 609, 111 N. W. 2d 368; Henry v. Village of Coleridge, 147 Neb. 686, 24 N. W. 2d 922.

Plaintiff has no valid ground upon which he may recover. The judgment of the district court is affirmed.

AFFIRMED.