■      In the Matter of the Claim of ANTHONY V. COSTA, Respondent, v. NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board, filed January 22, 1969. Claimant, employed as a Principal Clerk by the Workmen's Compensation Board, was injured on Saturday morning, December 5, 1964 when he slipped and fell on a sidewalk adjacent to the school building while on his way to the school for the purpose of taking an interdepartmental promotional examination scheduled by the Department of Civil Service. The board determined that the accident arose out of and in the course of his employment finding that claimant had been urged by his superior to take the examination. Appellant contends that claimant's injuries were incurred during a personal activity off the employer's premises outside of the employee's usual working hours without any degree of compulsion by the employer, and with no specific benefit available to the employer. Appellant further contends that claimant was under no compulsion to take the examination, and that the board's finding that claimant was "urged" to take the examination was not warranted by the record. The general rule is that risks of travel to and from work are not risks of employment. (*Matter of De Voe* v. *New York State Rys.*, 218 N. Y. 318.) There are certain exceptions as where the employee is an "outside" employee, (*Matter of Fonze* v. *Stuyvesant Oil Burner Corp.*, 10 A D 2d 761), where the employee is traveling or transportation is provided or paid in part by the employer, (*Matter of Macaluso* v. *Alexander Shumway & Utz Co.*, 11 A D 2d 838, mot. for lv. to app. den. 8 N Y 2d 708), or where the employee has been directed to perform a "special errand" for his employer on his way to work. (*Matter of Respole* v. *Schorr*, 25 A D 2d 581; *Matter of Charak* v. *Leddy*, 23 A D 2d 437; *Matter of Mason* v. *New York Abstract Co.*, 11 A D 2d 569.) Respondents contend that claimant's trip to take the examination, although outside his regular duties, was made at the express direction of the employer, and was thus in the nature of a "special errand" or service for the employer. Although the record here reveals that claimant's supervisor sought him out and asked him to take the examination indicating that an opening in the position for which the examination was being given was expected in the Albany office where he was employed, the record does not warrant a finding that claimant was sent on a "special errand" or that the activity was required by the employer. (Cf. *Matter of O'Donnell* v. *Board of Educ. of City of Buffalo*, 15 A D 2d 600.) Moreover, there would be no identifiable benefit accruing to the employer by claimant's taking the examination which was an activity for his benefit and solely by his own choice. The board's finding that claimant was urged to take the examination is very different from a direction by the employer to perform some act for the benefit of the employer. Claimant's injury was incurred during a personal activity off the employer's premises, outside of the employee's usual working hours, without any degree of compulsion or

direction by the employer. Consequently, in our view, the record does not support a finding that the accident arose out of and in the course of claimant's employment. Decision reversed and claim dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.