■ In the Matter of the Claim of RICHARD CHAMBERLAIN, Appellant, v CAMILLUS JR. HIGH SCHOOL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 26, 1975, which disallowed the claim for compensation benefits on the ground that the accident in which claimant was injured did not arise out of and in the course of his employment. On August 3, 1973, claimant was injured in an automobile accident as he was returning to his home in Camillus, New York, from the State University at Oswego where he was taking a course to meet the requirements imposed by the State Education Department for permanent certification of school teachers. For

the previous five years he had been employed as a teacher in the West Genesee Central School District from September through June although he had elected the option of receiving his annual salary over a full 12-month period. Following the accident, he filed a claim for compensation and named the West Genesee Central School District as his employer, but the board rejected his claim, as noted above, on the ground that the accident did not arise out of and in the course of his employment. We find that this determination of the board must be affirmed. An examination of the record reveals that the employer exercised no control over claimant's studies, which he was pursuing for his own personal benefit so that he could be permanently certified. Such being the case, compensation was properly disallowed (cf. *Matter of Costa v New York State Workmen's Compensation Bd.*, 34 AD2d 585). Clearly inapposite is *Matter of Bump v Central School Dist. No. 3, Montrose,* (40 AD2d 243, affd 34 NY2d 577) upon which claimant heavily, but mistakenly, relies in seeking a reversal of the board. In that case, the claimant's decedent was already permanently certified and taking a course partially funded by his employer to further the social studies program at his school. Under those circumstances, this court quite properly found that he was not taking the course for personal reasons and, accordingly, reversed the board's disallowance of the claim. Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur