HAROLD R. NEWBANKS, APPELLANT, v. FOURSOME PACKAGE & BAR, INC., APPELLEE.

272 N. W. 2d 372

Filed December 13, 1978. No. 42056.

John B. Ashford of Bradford & Coenen, for appellant.

John R. Timmermier of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is a workmen's compensation case in which the plaintiff sought to recover benefits for a heart attack. A single judge of the Nebraska Workmen's Compensation Court awarded plaintiff benefits for temporary total disability. Upon rehearing, a three-judge panel of the Workmen's Compensation Court found against the plaintiff and dismissed his petition.

The plaintiff, Harold R. Newbanks, was the bartender and manager of a bar owned and operated by the defendant, Foursome Package & Bar, Inc., a corporation, owned and managed by the plaintiff

and his wife. The plaintiff was nearly 55 years old and had been working at the bar for 7 to 8 years prior to the incident here. His duties at the bar, in addition to his duties as bartender and manager, included such tasks as cleaning up, moving cases of whiskey and beer, and stocking shelves.

On December 15, 1976, sometime before noon, the plaintiff was engaged in cleaning the bar. In the process of picking up a case of whiskey which weighed approximately 60 pounds, the plaintiff experienced a pain in his head, neck, and chest. He sat down for approximately 30 minutes and then called his wife to have her make an appointment with the family physician. The doctor gave the plaintiff an appointment for December 17, 1976. Plaintiff continued to work on December 15 until sometime in the afternoon. The next 2 days the plaintiff opened the bar in the morning but apparently did little else.

On December 17, 1976, plaintiff was examined by his family physician. The doctor testified that an electrocardiogram taken on that date showed an abnormal tracing compatible with coronary angina, or an impending heart attack. He prescribed nitroglycerin and advised complete rest. Plaintiff testified that while the pain subsided, it did not go away.

On the night of December 21, 1976, plaintiff awoke with sharp pains and the doctor ordered him to the hospital where he was admitted at 3 a.m., on December 22, 1976. The electrocardiogram taken at the hospital on December 22, 1976, was substantially the same as the electrocardiogram taken on December 17, 1976, and both of them demonstrate ischemia, an inadequate supply of blood and its nutrients to the heart. Enzyme tests taken at the hospital on December 22, 1976, showed no abnormalities. The doctors agreed that the plaintiff had arteriosclerosis, commonly called hardening of the arteries, which is a progressive disease, common

among men of plaintiff's age. They also agreed that ischemia could result from, or be caused by, hardening of the arteries.

The evidence is virtually uncontradicted that at approximately 1:20 a.m., on December 23, 1976, while the plaintiff was in bed and asleep at the hospital, a myocardial infarction, or heart attack, occurred. Plaintiff remained in the hospital until January 2, 1977, and for 6 months thereafter he suffered temporary total disability and was restricted from returning to work.

Plaintiff's family doctor testified that plaintiff's lifting of the whiskey case on December 15, 1976, probably precipitated the heart attack on December 23, 1976. Plaintiff's cardiologist testified that ischemia is usually associated with hardening of the arteries, and that plaintiff's ischemia and pain could have been brought on by the labor he was performing on December 15, 1976. The defendant's cardiologist testified that the lifting incident of December 15, 1976, was not the cause of the heart attack of December 23, 1976, but that the heart attack was caused by hardening of the arteries.

The Workmen's Compensation Court found that plaintiff's injury resulted from exertion combined with an existing diseased condition and that the degree of exertion demonstrated by the evidence was not greater than that found in nonemployment life, and dismissed plaintiff's petition.

The plaintiff contends that the Workmen's Compensation Court erred in finding that the exertion of lifting the whiskey case on December 15, 1976, was not greater than that found in nonemployment life; in finding that arteriosclerosis rather than exertion caused, or contributed to cause, plaintiff's disability; and that the judgment of the Workmen's Compensation Court is not supported by the evidence.

The evidence is virtually undisputed that the plaintiff was suffering from arteriosclerosis, a pro-

gressive disease commonly called hardening of the arteries, and that the heart attack suffered by the plaintiff on December 23, 1976, could result from, or be caused by, hardening of the arteries alone. The evidence is also undisputed that the heart attack for which the plaintiff sought compensation occurred at 1:20 a.m., on December 23, 1976, while he was asleep in bed at the hospital, and that the lifting incident occurred at his place of employment on December 15, 1976. The critical issue here is whether the exertion in his employment on December 15, 1976, substantially increased the risk created by arteriosclerosis, and precipitated or contributed in some material and substantial degree to cause the heart attack of December 23, 1976.

Under the Nebraska Workmen's Compensation Act, the claimant has the burden of proof to establish by a preponderance of the evidence that an unexpected or unforeseen injury was in fact caused by the employment. There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment. The terms "injury" and "personal injuries" do not include disability or death due to natural causes but occurring while the employee is at work, nor an injury, disability, or death that is the result of a natural progression of any preexisting condition. § 48-151 (2) and (4), R. R. S. 1943.

Since 1963, the problem in heart attack cases such as the one now before us has been causation and whether the injury is the result of personal rather than employment risk. In Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461, in a case involving a stroke, where there was no evidence of any preexisting disease or condition, this court said: "In a workmen's compensation case such as this, the plaintiff now has the burden of establishing by a preponderance of the evidence that exertion in his employment, in reasonable probability, contributed in

some material and substantial degree to cause the injury. Obviously, the presence of a preexisting disease or condition would enhance the degree of proof required to establish that an injury arose out of and in the course of employment."

In a later case we said: " 'If there is some personal causal contribution in the form of a previously weakened or diseased heart, a heart attack would be compensable only if the employment contribution takes the form of an exertion greater than that of non-employment life.' " See Beck v. State, 184 Neb. 477, 168 N. W. 2d 532.

In a case closely paralleling the present case in many respects, this court held that in myocardial infarction cases the issue is whether the injury arises out of and in the course of employment, and that issue must be determined by the facts of each case. The presence of a preexisting disease or condition enhances the degree of proof required to establish that the injury arose out of and in the course of employment. Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92.

Issues of causation are for determination by the fact finder. There is ample evidence in the record to sustain the findings of the Nebraska Workmen's Compensation Court. The plaintiff failed to meet his burden of proving that the heart attack here arose out of and in the course of his employment, and the determination of the Workmen's Compensation Court was not clearly wrong.

AFFIRMED.