FRED A. KEITH, APPELLANT, V. SCHOOL DISTRICT NO. 1 OF NORTH PLATTE, NEBRASKA, AND THE CONTINENTAL INSURANCE COMPANY, A CORPORATION, APPELLEES.

289 N. W. 2d 196

Filed February 26, 1980. No. 42694.

Milton E. Murphy, Murphy, Pederson, Piccolo & Anderson, and Robert E. Roeder, for appellant.

Kay & Satterfield, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

This is an appeal from a denial of workmen's compensation death benefits in an action brought by the husband of a deceased teacher against her employer school district and its insurance carrier.

In his petition filed in the Workmen's Compensation Court, Fred A. Keith, the plaintiff, alleged that he was the surviving spouse of Zella Mae Keith, hereinafter referred to as "deceased," who was employed by the defendant, School District No. 1 of North Platte, Nebraska, hereinafter referred to as "District," as a teacher in the Adams Junior High School in North Platte. Plaintiff further alleged that on September 17, 1976, his wife was accidently injured during the course of her employment when she suddenly slipped and fell on a rug or mat in front of a coffee machine in the teachers' lounge in said school; and that as a result of the accident, she sustained an injury to her arthritic right hip which made necessary a reconstructive femoral arthroplasty at St. Joseph's Hospital in Denver, Colorado, on September 24, 1976. Plaintiff further alleged that following said surgery, while convalescing in the hospital, his wife developed an infection as the result of

the surgery, from which she died on October 8, 1976. In their answer, the defendants admitted that the deceased was an employee of the District on the date of the accident, but denied that she sustained personal injuries from the accident.

A hearing was thereafter held before one judge of the Workmen's Compensation Court, who found from the evidence that the death of the deceased was caused by the fall of September 17, 1976, and the events that flowed from the fall. The judge awarded the plaintiff benefits in the amount of $100 per week for the remainder of his life or until his subsequent marriage, and also burial expenses and certain hospital and medical expenses.

The case was reheard before a three-judge panel, which found on rehearing that the operation which started the chain of events culminating in the death of the deceased was not proximately caused or necessitated by the accident, and dismissed plaintiff's petition. Plaintiff has appealed to this court from that order. We affirm.

The pertinent facts of this case may be summarized as follows. At the time of the accident, deceased was a 55-year-old female, who had been employed by the District as a teacher for a period of 9 years. On September 17, 1976, while in the teachers' lounge, she caught her toe on a mat in front of a vending machine, which caused her to fall on her right leg. She had a history of osteoarthritis in the right hip and experienced considerable pain therefrom for several years prior to the September 17, 1976, injury. Her doctor had previously indicated to her following an examination in August of 1976 that she would have to undergo an operation in from 2 to 5 years to replace the degenerated hip joint. Following her fall in the teachers' lounge, deceased experienced pain in her right hip; and after contacting her local doctor, she was advised to contact a specialist, which she did that same day. The

specialist, an orthopedic surgeon, examined her in his office on September 22, 1976, 5 days after the accident, but did not have X-rays taken of the deceased at this examination. The specialist recommended reconstructive surgery of deceased's hip, which was performed in Denver, Colorado, on September 24, 1976. Initially, deceased experienced an uncomplicated postoperative recovery; however, a urinary infection was contracted by the deceased which ran its course and resulted in her demise on October 8, 1976.

In his appeal to this court, plaintiff contends the Workmen's Compensation Court erred in finding that the operation was not necessitated by deceased's fall; in finding that the injury caused by the fall was not the proximate cause of the operation; in basing its decision on the finding that the operation was not necessitated by the fall; and in failing to award attorney's fees to the plaintiff and additions for waiting time.

The first two errors assigned above involve findings on factual issues which are to be determined by the trier of fact. The rule is now well established that findings of fact made by the Workmen's Compensation Court after rehearing have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. In testing the sufficiency of evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. See, Scamperino v. Federal Envelope Co., *ante* p. 508, 288 N. W. 2d 477 (1980); Newbanks v. Foursome Package & Bar, Inc., 201 Neb. 818, 272 N. W. 2d 372 (1978); Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92 (1977). Applying the foregoing rules to the evidence in this case, we are not able to conclude that the findings of the Workmen's Compensation Court were clearly wrong.

The evidence with reference to the necessity of the operation was conflicting. The orthopedic surgeon who performed the operation testified that the fall had aggravated the prior hip condition of the deceased, making it necessary to have surgery at once. The doctor who examined the deceased in August of 1976, in response to a question as to the necessity of the surgery based on the assumption that the fall had aggravated the injury, stated: "No, I wouldn't say it was necessary. I would still leave it in the realm of an elective procedure, and I would say that this could very well have been the thing which in [deceased's] mind would have said I can't live with this thing anymore when it's going to be this bad, and this would have tipped the scales in favor of her going to surgery, but she — I feel sure she had it in her own mind for a — you know, had been considering it for a period of time." Finally, a doctor who did not examine the deceased but did examine all the relevant hospital and medical records in this matter, and who was a specialist in internal medicine with experience in total hip replacements, testified that the surgery was not necessitated by the fall. In examining the findings of the Workmen's Compensation Court, every controverted fact must be resolved in favor of the successful party. See, Hyatt v. Kay Windsor, Inc., *supra*. We have also held that where the record in a case reflects nothing more than a resolution of conflicting medical testimony, this court will not substitute its judgment for the judgment of the Workmen's Compensation Court. Marion v. American Smelting & Refining Co., 192 Neb. 457, 222 N. W. 2d 366 (1974).

Under the standard of review with which we must examine these cases, we are unable to conclude that the Workmen's Compensation Court was clearly wrong in its finding that the operation was neither proximately caused nor necessitated by the fall of

September 17, 1976, as the medical testimony on this issue was clearly conflicting. We reject plaintiff's claims to the contrary.

Plaintiff argues, however, that it was error for the Workmen's Compensation Court to base its judgment on its finding that the operation was not necessitated by the fall. Specifically, plaintiff contends that the proper test to be applied in this situation is whether the injury was compensable, not whether the operation was necessitated by the fall. However, in a workmen's compensation case, the claimant must establish that the injury was in fact caused by the employment. We have held that the acceleration, aggravation, or lighting up of a preexisting disease by an injury may constitute disability of a character such as to come within the meaning of the workmen's compensation act. Knaggs v. City of Lexington, 171 Neb. 135, 105 N. W. 2d 727 (1960). In Hyatt v. Kay Windsor, Inc., *supra*, this court stated: "Under the Nebraska Workmen's Compensation Act, the claimant has the burden of proof to establish by a preponderance of the evidence that an unexpected or unforeseen injury was in fact caused by the employment. There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment. The terms 'injury' and 'personal injuries' do not include disability or death due to natural causes but occurring while the employee is at work, nor an injury, disability, or death that is the result of a natural progression of any preexisting condition. § 48-151 (2) and (4), R. R. S. 1943. * * * The presence of a preexisting disease or condition enhances the degree of proof required to establish that the injury arose out of and in the course of employment. Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461." In rendering its decision the Workmen's Compensation Court obviously had the foregoing rules in mind.

In the instant case, it is undisputed that deceased

was suffering from a hip joint severely degenerated because of preexisting arthritis. Plaintiff had the burden of proving that the fall contributed in some material and substantial way to aggravate deceased's condition. The medical evidence on this point was conflicting, the doctors testifying on that issue reaching conflicting opinions. Plaintiff also adduced evidence that the acute pain suffered by the deceased following her accident caused a change in her teaching methods, especially her mobility in the classroom. There was evidence in the record of hemorrhaging in the hip joint at the time of the surgery. However, there was evidence which indicated that the teaching methods of the deceased before and after the accident remained the same, her mobility being reduced by her preexisting hip and back pain. Likewise, there was no evidence of recent injury to the hip joint noted in the surgeon's report of the operation, dictated the same day that the surgery was performed. The applicable statute, section 48-185, R. R. S. 1943, provides in part: "A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that * * * (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, * * *." In view of the conflicting evidence in the record, and pursuant to the rules establishing the scope of review of cases of this nature, we cannot conclude that the Workmen's Compensation Court was wrong in its conclusions, and we therefore reject this assignment of error.

Plaintiff also contends the Workmen's Compensation Court failed in awarding attorney's fees and additions for waiting time. In view of the fact that the plaintiff has not prevailed in this litigation, and also the fact that there is a legitimate dispute between the parties involved, he is entitled to neither under section 48-125, R. R. S. 1943.

In light of what we have stated above, we necessarily affirm the order entered by the Workmen's Compensation Court on rehearing.

AFFIRMED.