C. Patrick Rowan, appellant, v.
University of Nebraska, appellee.

299 N.W.2d 774

Filed December 29, 1980.   No. 43227.

Martin A. Cannon of Matthews & Cannon, P.C., for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the workmen's compensation act. The plaintiff, who was employed as an associate professor of art by the defendant, was injured in an accident on April 10, 1978, while working in a private studio at his home. The plaintiff was standing on a ladder attempting to open a window when the window came loose causing him to fall to the floor.

After the hearing before a single judge of the compensation court, the plaintiff recovered an award for medical and hospital expenses. There was no award for temporary total disability because the defendant had continued to pay the plaintiff his regular salary.

On rehearing before three judges of the compensation court, the judgment was reversed and the petition dismissed, one judge dissenting. The court found that the accident in which the plaintiff was injured did not arise out of or in the course of his employment. The principal issue upon the appeal is whether the evidence was sufficient to sustain this finding.

The plaintiff was first employed by the defendant in 1971 as a visiting instructor in art. He later became an assistant professor and was promoted to associate professor in 1976. When the defendant was hired he was told that, in addition to his teaching duties, he was expected to do as much creative work as possible. Prior to February 1978, the plaintiff used a classroom at the university as a studio. This was not a satisfactory arrangement because the classrooms were crowded, there was no privacy, and the lighting, heating, and cooling in the classroom was not satisfactory.

In February 1978, the plaintiff purchased a residence that had a separate building on the property which could be used as a studio. The defendant had no objection to the plaintiff doing his creative work at his home and knew that he was doing so. The plaintiff had been working on a sculpture project described as a table painting series when the accident happened.

The defendant furnished none of the materials used in the plaintiff's creative work, and the finished product was the property of the plaintiff. The only contribution from the defendant was shipping expense incurred in exhibiting the plaintiff's work at other institutions.

As a general rule, the compensation act extends to and covers workmen only while engaged in, on, or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of injury, and during the hours of service of such workmen. Neb. Rev. Stat. § 48-151(6) (Reissue 1978) provides; "(6) Without otherwise affecting either the meaning or the interpretation of the abridged clause, personal injuries arising out of and in the course of employment, it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, and not to cover workmen who, on their own initiative, leave their line of duty or hours of employment for purposes of their own."

The evidence in this case is that the plaintiff was required to perform creative work but there was no requirement that it be performed away from the premises of the employer. The dean of the College of Arts and Sciences testified that the college did not encourage art professors to do their art work in any particular place, such as their home, but merely encourages them to do the work. The evidence indi-

cates that before 1978, the plaintiff did his creative work in classroom space furnished by the defendant.

The plaintiff was in a situation similar to that of an employee who was required to satisfy certain requirements as a part of the employment but was at liberty to choose the time and place where he would accomplish the work. In such a situation the activity performed by the employee is generally considered to be of but incidental benefit to the employer and not covered by the compensation act. See *Meyer v. First United Methodist Church*, 206 Neb. 607, 294 N.W.2d 611 (1980).

The essential inquiry is whether the plaintiff was injured as a result of a risk connected with the employment. In *Henry v. Village of Coleridge*, 147 Neb. 686, 24 N.W.2d 922 (1946), a volunteer fireman who slipped and fell at his home while responding to a fire alarm was denied compensation. The injury was not compensable because the accident did not have its origin in or was not incidental to the employment, and the employment did not expose the employee to a greater hazard than if he had not been so employed. See, also, *Sheets v. Glenwood Telephone Co.*, 135 Neb. 56, 280 N.W. 238 (1938).

The plaintiff in this case was not at a place where his service required him to be at the time he was injured. The defendant was not required to assume the risk incidental to the defective window in the private studio. The evidence was sufficient to sustain the finding that the accident did not arise out of or in the course of the plaintiff's employment by the defendant.

The judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. While I find no fault with the legal propositions relied upon by the majority in its opinion, I do not view the evidence as does the majority. In my view, the record clearly establishes that the appellant was

not only urged to perform creative work outside of the classroom but was required to do so. The testimony reflects that the appellant's immediate supervisor, Professor Dan Howard, who was chairman of the department of art, discussed with Rowan what would be required in the way of creative design. He was informed by Professor Howard that he must do as much creative work as time would possibly allow and make all and any attempts to exhibit his work. As noted by the majority, the appellee considered this so significant that it paid the cost of shipping the artwork to its place of exhibition. The evidence is without dispute that appellant was advised that faculty members were expected to put in somewhere in the area of 70 hours a week, including 18 to 21 contact hours, with the remaining hours devoted to creative research, advising, and committee assignments. Appellant testified that in his conversation with Professor Howard he was advised that creative activity and scholarly research was an integral, imperative part of his duty and a condition of his employment. The dean of the college acknowledged that he considered the doing of professional work at home a part of appellant's job as a member of the faculty.

It may be true that under certain circumstances work performed by a college professor at home may be unrelated to his employment and, therefore, not covered by the workmen's compensation act; however, in this case, the employer did not deny that appellant was expected to perform this work, including the work done at home. Had the employer denied this fact, the majority opinion might be correct. But here both the employer and the employee testified that the work being performed at the time of the injury was considered by the employer as part of the employee's duties. It is difficult to see how we can find, as a matter of law, that the work was not a part of the employee's duties. The majority appears to give little credence to the requirement of a college professor to either

"publish or perish." That view, in my judgment, ignores the reality of the matter. Had the university wished to maintain control over the safety of the studio facilities used by the faculty, it could have easily provided the appellant with adequate facilities and instructed him not to perform the required work at home. Quite to the contrary, it not only failed to provide him with adequate facilities but encouraged him to use his home facilities in lieu of those which were not otherwise adequately provided by the university. Many types of employment are of such nature that they are not performed solely within identifiable premises controlled and operated by the employer. It occurs to me that our decision in this case today, under the facts presented, does violence to our oft-stated rule that the workmen's compensation act is to be construed liberally so that its beneficent purposes may not be thwarted by technical refinement of interpretation. See *Haler v. Gering Bean Co.*, 163 Neb. 748, 81 N.W.2d 152 (1957); *Franzen v. Blakley*, 155 Neb. 621, 52 N.W.2d 833 (1952). Under the facts in this case, I would have found that the injury arose out of and in the course of the appellant's employment and was compensable.

WHITE, J., joins in this dissent.