JOSE L. GUERRA, APPELLEE, V.
IOWA BEEF PROCESSORS, INC., APPELLANT.
318 N.W.2d 887

Filed April 30, 1982. No. 44509.

Smith, Smith & Boyd, for appellant.

Smith & Smith and William L. Binkard, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCown, J.

This is a workmen's compensation case. At the initial hearing a single judge of the Workmen's Compensation Court dismissed plaintiff's petition. Upon rehearing before a three-judge panel of the compensation court, the court made an award to plaintiff for temporary total disability, medical expense, and for 10 percent permanent partial loss of earning power. The defendant has appealed.

The plaintiff, Jose L. Guerra, age 63 at the time of trial, had been employed by the defendant, Iowa Beef Processors, Inc., for approximately 11 years prior to the incident involved here. His job was to trim fat and pieces of hide from 75- to 90-pound rounds of beef as they passed his work station on hooks. A large pan on the floor catches the trimmings. His usual duties required very little lifting, but occasionally a round of beef would fall from the hook and have to be lifted.

On September 16, 1980, at about 11:30 p.m., approximately 15 minutes before the end of Guerra's shift, a round of beef dropped from the hook onto the pan in front of Guerra. He picked up the round, took three or four steps to his left, and put the round on a conveyor belt. He immediately felt pain in his left thigh and a coworker heard him say something about feeling pain and observed that he also showed pain through his facial expression. Guerra finished the remaining 15 minutes of his shift. His foreman was gone by that time and the dispensary was closed. He went home and complained to his wife that he had hurt himself at work.

The next day Guerra telephoned the defendant's personnel office and told them he had been hurt at work and had to see a doctor. He consulted his family physician and was hospitalized the same day. His complaints to the family physician were of pain in the left thigh, traveling down the left leg. His family physician referred him to an orthopedic sur-

geon who examined him first on September 22, 1980. The orthopedic surgeon performed a laminectomy on October 3, 1980, to repair a herniated disc in plaintiff's lower back. The orthopedic surgeon testified that the herniated disc was the cause of the problem with Guerra's leg and gave his opinion as to the medical causative connection between the accident of September 16, 1980, and the resulting disability. The doctor also testified that the plaintiff had suffered a 10 percent disability of the body as a whole.

There was also evidence that Guerra had had previous back problems in 1976, and that some of his statements to the doctors had indicated that he had had back pain for several days prior to the incident of September 16.

It is stipulated that Guerra returned to work after surgery on January 19, 1981, worked through February 10, 1981, was then off work and returned to work on March 9, 1981. He has since been performing the same job as before the injury except that he cannot lift heavy objects, wears a back brace while working, and still has occasional pain. On the date of the accident plaintiff was earning $8.02 per hour and his wage at the time of rehearing was $8.50 per hour.

The Workmen's Compensation Court on rehearing found that Guerra had maintained his burden of proving that the accident and injury he sustained on September 16, 1980, were the cause of his temporary total disability and permanent partial loss of earning power, and entered an award for temporary total disability and for 10 percent permanent partial loss of earning power, and directed the payment of medical and hospital bills necessarily resulting from the accident and injury.

The defendant contends that the finding of the Workmen's Compensation Court on rehearing that the plaintiff suffered an injury to his back arising out of and in the course of his employment by the de-

fendant is not supported by the evidence. The defendant also contends that the evidence does not support an award of permanent partial loss of earning power because Guerra is again working at his former job and currently receives a higher wage than before the injury.

Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. Neb. Rev. Stat. § 48-185 (Reissue 1978). This court has consistently held that such findings of fact will not be set aside on appeal unless clearly wrong, and that in testing the sufficiency of evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party. *Meyer v. First United Methodist Church,* 206 Neb. 607, 294 N.W.2d 611 (1980). The evidence in the case at bar was clearly sufficient to support the finding of the Workmen's Compensation Court that the accident and injury Guerra sustained on September 16, 1980, was the cause of his resulting disability. That finding was not clearly wrong and must be sustained.

The defendant also contends that because Guerra returned to the same job and earns 48 cents per hour more than before, he has not suffered any loss of earning power even though he has a 10 percent loss of bodily function. In *Akins v. Happy Hour, Inc.,* 209 Neb. 236, 239, 306 N.W.2d 914, 916 (1981), this court stated: " 'Earning power,' as used in Neb. Rev. Stat. § 48-121(2) (Reissue 1978), is not synonymous with wages, but includes eligibility to procure employment generally, ability to hold a job obtained, and capacity to perform the tasks of the work, as well as the ability of the workman to earn wages in the employment in which he is engaged or for which he is fitted."

In the case at bar it is clear that Guerra's ability to lift objects has been substantially impaired and

he is required to wear a brace in performing his work. The inability to lift is an important limitation in any kind of employment for which Guerra is fitted, and adversely affects his ability to procure and hold a job. The fact that an employer is willing to continue to employ a person whose ability to perform his tasks has been restricted ought not to destroy the employee's rights to compensation benefits.

In a similar case involving an almost identical back injury and a similar percentage loss of bodily function after the performance of a laminectomy, this court upheld an award for loss of earning power and said: "[T]he Workmen's Compensation Court was entitled to take into consideration not only the 10 percent loss of bodily function because of the lumbar laminectomy, but also the facts that the plaintiff was engaged in common labor and that that was his primary skill. His ability to lift was impaired and his employability was thus reduced." *Sidel v. Travelers Ins. Co.,* 205 Neb. 541, 547, 288 N.W.2d 482, 485-86 (1980).

The finding of the Workmen's Compensation Court in the present case that Guerra had suffered a permanent partial loss of earning power was also a factual finding, is supported by the evidence, and is not clearly wrong.

The judgment is affirmed. Plaintiff is awarded $750 as attorney fees in this court.

AFFIRMED.