WILLIA BADGETT, APPELLANT, V. ST. JOSEPH HOSPITAL, APPELLEE.

384 N.W.2d 302

Filed April 4, 1986.   No. 85-651.

David T. Siegel of Weinberg & Weinberg, for appellant.

Arthur J. Nevins of Gaines, Otis, Mullen & Carta, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Plaintiff has appealed an order of dismissal on rehearing entered by the Workmen's Compensation Court. She assigns as error the failure of the court to find that she suffered an accident and injury which arose out of and in the course of her employment, and its failure to find that she was temporarily totally disabled and therefore entitled to disability and medical

and vocational rehabilitation benefits.

The plaintiff was continuously employed by St. Joseph Hospital as a nurse's aide from 1968 until approximately April 1, 1984. She then commenced working as a patient escort. On April 23, 1984, she noticed a dull, aching pain in her lower back after she got off work. However, she continued to work. On April 26 she performed her duties as a patient escort and did not notice any extreme or sharp pains in her back. However, after she finished work for the day, she went home. After that, on getting up and sitting down, she had sharp pains in the lower coccyx. She worked the next day but has not worked since.

Following a series of therapy treatments, she underwent surgery for a herniated disk. According to her surgeon, Dr. Ries, she has approximately a 15-percent permanent disability of the body as a whole.

Dr. Stanosheck, the original attending physician, in a report letter, stated the patient had given a history of pain coming on while pushing carts as part of her occupation as a nursing assistant. However, this contrasts with the testimony of the plaintiff herself, who at no time indicated she suffered pain while pushing carts. Dr. Ries reported that plaintiff had told him that her problem started after she changed jobs in April of 1984. In that same letter he says there was no clear-cut injury or incident that started her problem.

Dr. Gross examined the plaintiff for the defendant and testified by deposition. He related a history taken from the plaintiff which agrees substantially with the plaintiff's testimony at trial. Essentially, she had told Dr. Gross that on April 26, after she had completed her work and had gone home, she sat down and rested, and when she got up she had a sharp pain in the coccyx. She also stated to him that nothing unusual had happened to her at work that day and that she experienced no pain until after she had gotten home. It was the conclusion of Dr. Gross that there was no causal connection between plaintiff's work and her injury.

In *Gray v. State*, 205 Neb. 853, 857, 290 N.W.2d 651, 653-54 (1980), this court stated:

> In a workmen's compensation case, the claimant must establish that the injury for which compensation is sought

arose out of and in the course of the employment. § 48-101, R.R.S. 1943. The term "in the course of" refers to the time, place, and circumstances of the accident. [Citations omitted.] "The course of employment requirement tests work-connection as to time, place and activity; that is, it demands that the injury be shown to have arisen within the time and space boundaries of the employment, and in the course of an activity whose purpose is related to the employment."

The most that can be said in support of the plaintiff's position is that the medical evidence on the question of whether the injury arose out of and in the course of employment ranged from no to maybe. We must bear in mind that the findings of fact by the compensation court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Scott v. State*, 218 Neb. 195, 352 N.W.2d 890 (1984). The decision after rehearing must be considered in the light most favorable to the successful party, and every controverted fact must be decided in its favor. *Scott v. State, supra*.

There was sufficient competent evidence to sustain the findings and order of the compensation court. Its judgment is affirmed.

AFFIRMED.