MICHAEL A. SHADE, APPELLANT, V. AYARS & AYARS, INC., AND AETNA CASUALTY & SURETY, APPELLEES.

525 N.W.2d 32

Filed December 30, 1994.   No. S-93-728.

T.J. Hallinan and Gordon D. Ehrlich, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellees.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WRIGHT, J.

The Nebraska Court of Appeals affirmed the decision of the Workers' Compensation Court which dismissed Michael A. Shade's petition seeking workers' compensation benefits. We granted Shade's petition for further review, and the judgment of the Court of Appeals is affirmed as modified.

## SCOPE OF REVIEW

A judgment made by the Workers' Compensation Court after

review shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Neb. Rev. Stat. § 48-185 (Reissue 1993).

## FACTS

Shade, a laborer for Ayars & Ayars, Inc., was injured at a company picnic on Saturday, June 23, 1990. The picnic was held at Branched Oak Lake, near Lincoln, Nebraska. Each employee received a notice of the picnic, dubbed "Ayars & Ayars Summer Bash '90," in the paycheck envelope issued 2 weeks before the picnic. The notice stated that each employee should bring a covered dish and that the company would provide the main dish, pop, and beer.

Employees who were scheduled to work on the afternoon of the picnic were given time off to attend the picnic if they so chose. About 25 to 30 percent of the company's 30 to 35 employees did not attend. Although the parties stipulated that the employees were not expressly required to attend the picnic, Shade testified that he believed he was expected to attend. Several other employees testified that they understood attendance at the picnic was voluntary.

At the picnic, Shade, his foreman, and several other employees began a game of touch football, which escalated into tackle football. During the game, Shade was tackled by the foreman and a coworker, and his head was driven into the ground by the tackle. The resulting cervical spine injury left Shade a quadriplegic.

In the Workers' Compensation Court, a single judge found that Shade was not entitled to benefits because Shade failed to show that the company had received "any substantial direct benefit from the activity 'picnic', although it may be inferred that it derived the intangible value of improvement in employee

health and morale that is common to all kinds of recreation and social life." The judge, applying tests and standards adopted by this court in *Gray v. State*, 205 Neb. 853, 290 N.W.2d 651 (1980), dismissed Shade's petition, holding that the picnic was primarily social even though safety awards were presented.

A three-judge review panel affirmed the single-judge decision without opinion. The Court of Appeals affirmed, finding that Shade's subjective belief that the company required its employees to attend the picnic did not prove that the company compelled attendance or that the accident arose out of Shade's employment.

## ASSIGNMENTS OF ERROR

In his petition for further review, Shade asserts that the Court of Appeals erred in failing to find that his injuries arose out of and in the course of his employment and in failing to find that Ayars & Ayars received a substantial direct benefit from the picnic.

## ANALYSIS

In reaching a decision, the single judge of the Workers' Compensation Court applied the tests and standards adopted by this court in *Gray v. State, supra*. In *Gray*, we employed the following test, which is to be applied in determining whether recreational or social activities are considered within the course of employment:

> "Recreational or social activities are within the course of employment when (1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or (2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or (3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life."

*Id*. at 858, 290 N.W.2d at 654.

In its opinion, the Court of Appeals noted the three tests established by *Gray* and, in addition, adopted six factors set

forth in 1A Arthur Larson, The Law of Workmen's Compensation § 22.23 (1993), for determining whether an event comes within the scope of employment:

(1) Did the employer sponsor the event? (2) Was attendance really voluntary? (3) Did the employer encourage attendance as reflected by its (a) taking a record of attendance, (b) paying employees for the time spent at the event, (c) requiring the employee to work if he or she did not attend, or (d) maintaining a known custom of attending? (4) Did the employer substantially finance the occasion? (5) Did the employees regard the event as a benefit to which they were entitled? and (6) Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards?

*Shade v. Ayars & Ayars, Inc.*, 2 Neb. App. 730, 736, 513 N.W.2d 881, 886 (1994).

The Court of Appeals found that Shade established only that Ayars & Ayars sponsored the event and that it financed the event. Shade did not establish that attendance was required or that the employer encouraged attendance by taking roll, paying employees for time spent at the event, requiring employees to work if they did not attend, or maintaining a known custom of attending. Shade did not show that the employees regarded the event as a benefit or that the employees benefited from the event through any tangible advantage. On further review, we must decide whether to adopt the six questions identified by the Court of Appeals, which the court may use to determine whether an event comes within the scope of employment.

Larson's questions are more specific than the three tests which we outlined in *Gray v. State*, 205 Neb. 853, 290 N.W.2d 651 (1980), and these questions are merely suggested factors which may be considered regarding whether an injury occurred within the scope of employment. We decline to adopt these questions as additional factors, and we find that the three tests provided in *Gray* are sufficient to make the needed determination concerning whether an injury occurs within the course and scope of employment.

The determination of whether an employee's activity comes within the limits of one of the tests identified in *Gray* is a factual determination to be made by the finder of fact. Under the applicable Nebraska statutes governing workers' compensation, the finder of fact is the single judge of the Workers' Compensation Court. Upon application, a review panel shall consider the findings of fact and may reverse or modify the findings, order, award, or judgment of the original hearing only on the grounds that the judge was clearly wrong on the evidence or the decision was contrary to law. On review, the compensation court may affirm, modify, reverse, or remand the judgment on the original hearing. Neb. Rev. Stat. § 48-179 (Reissue 1993).

The judgment made by the Workers' Compensation Court after review shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. § 48-185. When we consider the evidence in the light most favorable to Ayars & Ayars, we find that there is sufficient competent evidence to support the judgment.

While we agree with the decision reached by the Court of Appeals, we decline to adopt additional factors to be considered in determining whether an event falls within the realm of employment. We adhere to the tests set forth in *Gray v. State, supra*. The decision of the Court of Appeals is affirmed as modified.

AFFIRMED AS MODIFIED.