DARRELL D. HULL, APPELLANT, V. AETNA INSURANCE COMPANY AND CONTINENTAL WESTERN INSURANCE COMPANY, APPELLEES.

541 N.W.2d 631

Filed January 12, 1996.   No. S-95-561.

Timothy C. Phillips, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellant.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Aetna Insurance Co.

CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Darrell D. Hull appeals the determination of the three–judge review panel of the Nebraska Workers' Compensation Court that the trial judge was clearly wrong in determining the average weekly wage of Hull.

In Hull's first appearance before this court, on a petition for further review, we held that a self–employed claimant's average weekly wage under Neb. Rev. Stat. § 48–121(2) (Reissue 1993) shall be based upon the claimant's gross income less business expenses, i.e., net income. *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995) (*Hull I*). Upon further consideration, we now hold that a claimant may elect to show that the deduction of a particular expense is not reflective of real economic gain to the claimant and should not be deducted from his gross income. As Hull introduced no evidence to show that the net income figure from his federal tax form is not reflective

of his real economic gain, we find that there is not sufficient competent evidence in the record to warrant an average weekly wage figure of $571.80. We therefore affirm.

## BACKGROUND

This is Hull's second appearance before this court. However, as the instant appeal concerns many of the same factual issues as the earlier petition for further review, a review of the prior proceedings is appropriate.

Darrell D. Hull, a dentist by trade, filed an amended petition in Workers' Compensation Court on July 29, 1992, alleging that he had developed asthma and contact dermatitis as a result of exposure to chemicals and compounds used in his dentistry practice. As a sole proprietor, Hull had contracted for workers' compensation insurance from Continental Western Insurance Company (Continental) from October 15, 1987, to October 15, 1988, and from Aetna Insurance Company (Aetna) from October 15, 1988, to October 15, 1990.

The trial judge, applying the last injurious exposure rule, found Aetna to be the only liable defendant. In determining the average weekly wage of Hull, the judge concluded that "real economic gain" is the appropriate test for determining the average weekly wage of a self-employed individual and that the net earnings of the self-employed individual provide the correct basis for determining the average weekly wage. Nevertheless, the trial judge continued:

> The Court is now faced with the formidable if not impossible task of determining the plaintiff's average weekly wage. The 26 weeks period preceding February 1, 1989, is the pertinent earnings period. According to Exhibit 37 [sic], a copy of the plaintiff's federal income tax return for 1988, the plaintiff had a net business income of $6,419 for the calendar year 1988, which would produce an average of approximately $123 per week for the year. I view this wage figure as obviously nonreflective of the plaintiff's real economic gain, and I am not inclined to accept it. Unfortunately, as the record does not provide adequate data for an accurate determination of the plaintiff's applicable average weekly wage, I have no

alternative but to improvise and seriously attempt to arrive at a figure that is reasonably reflective of the average weekly wage during the period in question. I have chosen the following method: Taking the figure of $54,267 on Line 5 of Schedule 3 [sic] of Exhibit 36 denominated "gross income" and reducing it by 50 per cent for ordinary and necessary business expenses, I derived the figure of $27,133.50 as the net business income for calendar year 1988, which converts to an average net weekly earnings of $571.80 [sic]. I have chosen to adopt the latter sum as the applicable average weekly wage.

Apparently the judge mislabeled the exhibits upon which he relied because exhibit 37 is not the 1988 tax return. Exhibit 36 is actually the 1988 tax return. There is also a mathematical error in the calculation of the average weekly wage. According to the calculations described by the trial judge, the average net weekly earnings should have been $521.80.

The Workers' Compensation Court review panel disagreed with the use of the last injurious exposure rule and held that the date of injury determines liability when there are several insurers. Therefore, the review panel vacated the trial court's award and remanded the cause for a determination of the date of Hull's injury. However, Continental appealed and Hull cross-appealed the review panel's order to the Nebraska Court of Appeals, assigning as error the panel's refusal to use the last injurious exposure rule. Also, Hull alleged that the review panel erred in determining the amount of compensation payable to Hull by using his income tax returns to determine his average weekly wage.

The Court of Appeals held that the review panel's order did not affect a substantial right of the parties; therefore, it was not a final, appealable order, and the court dismissed the appeal. Continental petitioned this court for further review, assigning as error the Court of Appeals' conclusion that the review panel's order was not a final, appealable order.

In *Hull I*, we held that the Workers' Compensation Court review panel's order vacating the award entered by the trial court substantially affected the rights of Hull and Continental; therefore, it was a final, appealable order. Also, we found that

the liability between successive insurers for a claimant's occupational illness is premised upon (1) the date that the accumulated effects of the illness manifest to the level of disability entitling the claimant to compensation and (2) the last carrier on risk that bears a causal relation to that disability. Finally, we held that a self-employed claimant's average weekly wage under § 48-121(2) shall be based upon the claimant's gross income less business expenses, i.e., net income.

We remanded the cause to the Workers' Compensation Court with orders to enter judgment consistent with our opinion. The Workers' Compensation Court review panel reviewed the findings of the trial judge and determined that the judge erred with respect to his determination of the average weekly wage of Hull. While the review panel concluded that the trial judge's finding of Hull's net business income of $6,419 for the year of 1988 was not clearly wrong, it found that this figure should have been used by the judge in determining Hull's average weekly wage. Therefore, the review panel concluded that the judge was clearly wrong in failing to find that Hull had an average weekly wage of $123.44 for the applicable time period.

Hull appeals the determination of the review panel that the trial judge erred in determining his average weekly wage.

## ASSIGNMENT OF ERROR

Hull contends that the Workers' Compensation Court review panel erred in finding that the trial judge's determination that the average weekly wage of Hull was $571.80 was clearly wrong.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Shade v. Ayars & Ayars, Inc.*, 247 Neb. 94, 525 N.W.2d 32 (1994).

An appellate court is obligated in workers' compensation

cases to make its own determinations as to questions of law. *Hull I, supra*; *McGowan v. Lockwood Corp.*, 245 Neb. 138, 511 N.W.2d 118 (1994).

## ANALYSIS

When a self-employed person elects to come within the coverage of the Nebraska Workers' Compensation Act pursuant to Neb. Rev. Stat. § 48–115(4) (Reissue 1993), the Workers' Compensation Court must accord the self-employed person the same rights as any other employee coming within the purview of the Nebraska Workers' Compensation Act.

Under § 48–121(2), the compensation provided to an employee for permanent partial disability is determined by finding $66^{2}/_{3}$ percent of the difference between the wages received by the employee at the time of injury and the earning power of the employee after the injury; however, the compensation may not exceed the weekly income benefit allowed by Neb. Rev. Stat. § 48–121.01 (Reissue 1993). Therefore, the Workers' Compensation Court is required to determine the average weekly wage of the claimant at the time of the injury. See *McGowan v. Lockwood Corp., supra.*

Wages are defined in Neb. Rev. Stat. § 48–126 (Reissue 1993) as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident." However, a self-employed claimant does not receive a wage in the traditional sense because he or she is not subject to a contract of hiring. See *Mail Boxes v. Indus. Com'n of Az.*, 181 Ariz. 119, 888 P.2d 777 (1995). Nevertheless, the Workers' Compensation Court must set an average weekly wage for the self-employed claimant in order to set the rate of compensation.

Generally, courts have used either the revenues or the profits of the business in determining the proprietor's average weekly wage. Prior to *Hull I*, we had not determined whether a self-employed claimant's business expenses should be included as wages for workers' compensation purposes. Deducting business expenses from the gross income of the business necessarily decreases the average weekly wage figure of the self-employed claimant because the wage figure is determined

from the profits of the business rather than the revenues. In *Hull I*, we held that business expenses should be deducted; however, we did not define the term "business expenses."

We note that the determination of the definition of the average weekly wage of a self-employed claimant is a question of law. An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Hull I, supra*; *McGowan v. Lockwood Corp., supra*. Thus, we are obligated to clarify the meaning of the term "business expenses" in our previous holding.

Upon further consideration of our previous holding, we now hold that business expenses should be deducted in determining the wage of a self-employed claimant and that business expenses set forth on a claimant's tax return shall be presumed correct. Either party may rebut this presumption of correctness by proving by a preponderance of the evidence that certain business expenses distort the claimant's true rate of compensation at the time of the accident. We have left the business expenses in the equation in order to avoid inflating the claimant's wages, but we allow either party to demonstrate that the expenses claimed as tax deductions are not indicative of the true rate of compensation.

With this clarification of our previous holding in mind, we must evaluate the trial judge's determination of average weekly wage. As stated above, pursuant to § 48–185, an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Shade v. Ayars & Ayars, Inc.*, 247 Neb. 94, 525 N.W.2d 32 (1994).

The trial judge used exhibit 36, the federal tax form from 1988, to determine that the total business income was $6,419. We find that there was sufficient competent evidence in the record to warrant the making of this finding.

However, we find that the factual finding of total business income of $6,419 does not support the determination of the

average weekly wage to be $571.80. Hull introduced no evidence other than his federal income tax form to demonstrate what business deductions should be taken into account to determine his average weekly wage; therefore, the trial court was bound to use the tax form, which indicated a business income of $6,419.

Instead, the judge disregarded the total business income figure of $6,419 and invented a formula for determining average weekly wage which divided gross income by 50 percent for ordinary and necessary business expenses. There was not sufficient competent evidence in the record to warrant the making of the award based upon this calculation.

Therefore, we find that there was sufficient competent evidence in the record to support the finding of a total business income of $6,419 and insufficient competent evidence to warrant the making of the award. We affirm the ruling of the review panel, which found that the trial judge erred in determining Hull's average weekly wage.

## CONCLUSION

The trial judge did not have sufficient competent evidence in the record to warrant the making of his order, based upon an average weekly wage of $571.80, because no evidence of Hull's business expenses other than his 1988 tax return was introduced at trial. Therefore, the Workers' Compensation Court review panel's decision reversing the trial judge's determination of Hull's average weekly wage is affirmed.

AFFIRMED.

WHITE, C.J., participating on briefs.
FAHRNBRUCH, J., not participating.